IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANASTACIO ESCOBAR-ROBLEDO, | CASE NO. 3:26-cv-906 |
| Petitioner, | DISTRICT JUDGE |
| | DAVID A. RUIZ |
| vs. | |
| | MAGISTRATE JUDGE |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | JAMES E. GRIMES JR. |
| Respondent. | **REPORT & RECOMMENDATION** |

In April 2026, pro se Petitioner Anastacio Escobar-Robledo filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. In May 2026, Respondent U.S. Immigration and Customs Enforcement filed a motion to dismiss for lack of jurisdiction. Doc. 5. In its motion, Respondent argued that the Court lacks subject matter jurisdiction because Escobar-Robledo's claims are rendered moot by his removal from the United States. *Id.* at 1. The Court ordered Respondent to file supplemental evidence to support its claim that Escobar-Robledo was removed. *See* Non-Document Order (May 21, 2026). Respondent submitted two sets of supplemental documents, Docs. 6 & 7, which show that Escobar-Robledo was removed from the United States on April 29, 2026, *see* Doc. 7-1. Escobar-Robledo's deadline to respond, June 3, 2026, has now passed.

For the following reasons, I recommend that the Court grant Respondent's motion and dismiss Escobar-Robledo's petition.

**Discussion**

Article III of the United States Constitution limits federal court jurisdiction to actual cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the "case or controversy" requirement, a petitioner "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting L*ewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Brock*, 256 F. App'x at 750 (citing *Berger v. Cuyahoga County Bar Assoc.*, 983 F.2d 718, 718 (6th Cir. 1993)).

In an immigration case, a district court generally lacks jurisdiction over a habeas petition filed under 28 U.S.C. § 2241 if the petitioner is not in government custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162–63 (6th Cir. 1990). A petitioner's release from custody generally renders his habeas petition moot. *Prieto*, 913 F.2d at 1162–63. In exceptional cases, a petition may escape mootness if the released petitioner can show that he will likely suffer some

2

future collateral consequence stemming from his detention, or that the case is "capable of repetition, yet evading review." *Lane v. Williams*, 455 U.S. 624, 633–34 (1982). A case is capable of repetition, yet evading review, when a petitioner shows that "the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and … there is a reasonable expectation or a demonstrated probability that the controversy will recur." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (citing *Honig v. Doe*, 484 U.S. 305, 318–19 n.6 (1988)).

Here, Escobar-Robledo has been released from government custody and removed from the United States, and he has not alleged that he will suffer any collateral consequences because of his detention or that his case of capable of repetition yet will evade review. Indeed, the only relief Escobar-Robledo requested was either his "immediate release from custody" or a "prompt bond hearing." Doc. 1, at 4. As the Respondent points out, the Court cannot provide either of these remedies because Escobar-Robledo has been removed from the country. Doc. 5, at 2. The Court thus lacks jurisdiction over Escobar-Robledo's petition. *See Zarifi v. ICE*, No. 26-cv-0397, 2026 WL 1385583, at *1 (N.D. Ohio May 18, 2026).

**Conclusion**

For the reasons stated, I recommend that the Court grant Respondent's

motion, Doc. 5, and dismiss Escobar-Robledo's petition.


Dated: June 9, 2026

> */s/ James E. Grimes Jr.*
> James E. Grimes Jr.
> U.S. Magistrate Judge


**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).